IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| AURELIAN IP MANAGEMENT, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FAIR ISAAC CORPORATION )<br>)<br>Defendant. )<br>) | ) Civil Action No. 2:16-cv-1063<br>)<br>) **JURY TRIAL DEMANDED** |

## COMPLAINT

For its Complaint, Plaintiff Aurelian IP Management, LLC ("Aurelian"), by and through the undersigned counsel, alleges as follows:

## THE PARTIES

1. Aurelian is a Texas limited liability company with a place of business located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

2. Defendant Fair Isaac Corporation is a Delaware company with, upon information and belief, a place of business located at 2665 Long Lake Road, Building C, Roseville, Minnesota 55113.

3. Upon information and belief, Defendant has registered with the Texas Secretary of State to conduct business in Texas.

## JURISDICTION AND VENUE

4. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq*.

5. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

6. Upon information and belief, Defendant conducts substantial business in this

forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in this district.

7. Venue is proper in this district pursuant to §§ 1391(b), (c) and 1400(b).

## THE PATENT-IN-SUIT

8. On August 7, 2001, U.S. Patent No. 6,272,495 (the "'495 patent"), entitled "Method and Apparatus for Processing Free-Format Data," was duly and lawfully issued by the U.S. Patent and Trademark Office. A true and correct copy of the '090 patent is attached hereto as Exhibit A.

9. Aurelian is the assignee and owner of the right, title and interest in and to the '495 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of it.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,272,495

10. Aurelian repeats and realleges the allegations of paragraphs 1 through 9 as if fully set forth herein.

11. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant is liable for infringement of at least claims 1, 2, 4, 12 and 38 of the '495 patent by making, using, importing, offering for sale, and/or selling a method and apparatus for processing free-format data, including, but not limited to, FICO Model Builder Semantic Scorecards ("Semantic Scorecards").

12. More specifically and upon information and belief, Defendant's Semantic Scorecards examines elements of data to determine attributes of the data by examining elements

of the data to determine attributes of the data and the contextual relationships of elements to each other, *see* Tapping Unstructured Data for Better Predictions and Decisions ("Tapping Unstructured Data") at p. 3 (available at http://www.fico.com/en/wp-content/secure_upload/FICO_Tapping_Unstructured_Data_eBook_3018BK.pdf (last accessed Sept. 30, 2016)); FICO World 2013 Highlights:  Tapping Unstructured Data for Better Predictions and Decisions with Semantic Scorecards ("FICO Highlights") at pp. 1, 8 (available at http://www.fico.com/en/wp-content/secure_upload/005_Innovations_in_Analytics.pdf    (last accessed Sept. 30, 2016)); to determine semantic and syntactic information about the data, *see* http://www.fico.com/landing/videoplayer/800x600.html?bctid=3816208084001&autoStart=false (last accessed Sept. 30, 2016); Tapping Unstructured Data at p. 7, producing additional data relating to this information, in the form of a text object which includes pointer means enabling access to the elements of the free-format data, *see* Tapping Unstructured Data at pp. 6-8, 10, and the additional data being accessible by a query processing means to provide at least one of answers to queries relating to the semantic and syntactic information about the data and to access the data to manipulate the data, *see* Tapping Unstructured Data at pp. 7, 10; FICO Highlights at p. 6; Fact Sheet at p. 3 (available at http://www.fico.com/en/wp-content/secure_upload/Stopping_More_Fraudulent_Insurance_Claims_FICO_IRE_2895FS.pdf (last accessed Sept. 30, 2016)); Executive Brief at p. 2 (available at http://www.fico.com/enterprisefraud/assets/FICO_Five_Steps_Boost_Fraud_Detection_Point_of_Application_4173EX.pdf (last accessed Sept. 30, 2016)), and arranging the text object to act as a layer, between the free-format data and the query processing means, for at least one of interpretation and manipulation of the data.  *See* Tapping Unstructured Data at pp. 7, 10; FICO Highlights at p. 6.  Defendant's Semantic Scorecards processes a plurality of free-format data

records and produces a text object associated with each free-format data record. *See* Tapping Unstructured Data at pp. 3, 6, 8; FICO Highlights at p. 8. It produces a text object index including attribute type identifiers for elements of each data record and pointers to each data record and the index may be queried by queries relating to semantic and syntactic-information about the data and the data may be accessed via the index. *See* http://saphanatutorial.com/sap-hana-text-analysis-introduction. *See* Tapping Unstructured Data at pp. 7, 10; FICO Highlights at p. 6; http://www.fico.com/landing/videoplayer/800x600.html?bctid=3816208084001&autoStart=false (last accessed Sept. 30, 2016).

13. Aurelian is entitled to recover from Defendant the damages sustained by Aurelian as a result of Defendant's infringement of the '495 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Aurelian hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Aurelian requests that this Court enter judgment against Defendant as follows:

A. An adjudication that Defendant has infringed the '495 patent;

B. An award of damages to be paid by Defendant adequate to compensate Aurelian for Defendant's past infringement of the '495 patent and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

    C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Aurelian's reasonable attorneys' fees; and

    D. An award to Aurelian of such further relief at law or in equity as the Court deems just and proper.


Dated:  September 30, 2016  */s/ Richard C. Weinblatt*
              Stamatios Stamoulis DE SB #4606
              Richard C. Weinblatt DE SB #5080 – Lead Counsel
              Stamoulis & Weinblatt LLC
              Two Fox Point Centre
              6 Denny Road, Suite 307
              Wilmington, DE 19809
              Telephone:  (302) 999-1540
              Facsimile:  (302) 762-1688
              stamoulis@swdelaw.com
              weinblatt@swdelaw.com

              *Attorneys for Plaintiff*
              *Aurelian IP Management, LLC*